IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| CHRISTINE BORDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 2:22-cv-04076-BHH |
| ) | |
| BANK OF AMERICA, NA ("BANA") ) | Removed from Georgetown County |
| AND WESTCLIFF TECHNOLOGIES, ) | Court of Common Pleas |
| INC., D/B/A NATIONAL BITCOIN ATM, ) | Case No. 2022-CP-22-00868 |
| AND CASH CLOUD, INC., D/B/A/ COIN ) | |
| CLOUD, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Defendant Bank of America, N.A. ("BANA" or "Defendant") hereby removes the action Plaintiff, Christine Borden ("Plaintiff") filed in the Court of Common Pleas, Georgetown County, South Carolina; Case Number 2022-CP-22-00868, to the United States District Court of South Carolina, Charleston Division, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332.

### I.  STATEMENT OF THE CASE

On October 11, 2022, Plaintiff commenced Case Number 2022-CP-22-00868, styled *Christine Borden v. Bank of America, NA ("BANA") and Westcliff Technologies, Inc., d/b/a/ National Bitcoin ATM, and Cash Cloud, Inc., d/b/a Coin Cloud*, in the Court of Common Pleas, Georgetown County, South Carolina (the "State Court Action").[1] Plaintiff alleges violations of South Carolina Code Sections 43-5-10(11) and 39-5-10 as well as claims of negligence per se, negligent supervision and training, and banking negligence. Additionally, Plaintiff asserts causes of action against Defendants Westcliff Technologies, Inc., d/b/a/ National Bitcoin ATM

---

[1] A copy of the "Complaint" ("Complaint") is attached hereto with all State Court processes, pleadings, and orders as Exhibit A.

("Westcliff"), and Cash Cloud, Inc., d/b/a Coin Cloud ("Coin Cloud") for ultrahazardous activity, conversion, and unjust enrichment. Plaintiff seeks actual damages trebled, consequential damages, statutory damages, punitive damages, and attorneys' fees. This Court has diversity jurisdiction over Plaintiff's claims.

## II. TIMELINESS OF REMOVAL

Defendant was served with process of the Plaintiff's Complaint on October 17, 2022 and thirty (30) days have not expired since this service has occurred.[2] This was the first notice of this action served upon Defendant. Accordingly, this Notice of Removal is timely.[3]

## III. VENUE

Venue for this Notice of Removal is proper in the United States District Court of South Carolina, Charleston Division, because this district and division includes Georgetown County, South Carolina, the location of the pending State Court Action.[4]

## IV. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 as Plaintiff, BANA, Westcliff, and Coin Cloud (collectively the "Parties") are completely diverse and the amount in controversy exceeds $75,000.00. Upon information and belief, there are no served defendants who are citizens of South Carolina. BANA is a national banking association organized under the laws of the United States. BANA's principal place of business is located in North Carolina as established by its articles of association. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006)

---

[2] *See* Exhibit A
[3] *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.")
[4] *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 121(a)(1).

("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles, is located."). BANA is considered a citizen of North Carolina. Westcliff as alleged in Plaintiff's Complaint "is a corporation with its headquarters and nerve center in the state of California."[5] As such, Westcliff is a citizen of California. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010) (acknowledging that a corporation's "nerve center" is the corporation's principal place of business and their state of citizenship under 28 U.S.C. § 1332). Coin Cloud as alleged in Plaintiff's Complaint "is a corporation with its headquarters and nerve center in the state of Nevada."[6] As such, Coin Cloud is a citizen of Nevada. *Id*. Plaintiff according to the Complaint is a citizen of South Carolina.[7] Therefore, all named Defendants are completely diverse from Plaintiff.

The amount in controversy exceeds $75,000.00 as Plaintiff's Complaint on its face asserts that she is entitled to actual damages trebled, consequential damages, statutory damages, and punitive damages which exceed $75,000.00.[8] Plaintiff asserts that she suffered an out of pocket loss of $104,000.00 in actual damages.[9] These damages trebled total $312,000.00, which well exceed the $75,000.00 requirement for the amount in controversy pursuant to 28 U.S.C. § 1332.[10] As such, BANA has a reasonable, good-faith belief Plaintiff is asserting damages in excess of $75,000.00.

V.     **PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED**

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served in the State Court Action, are attached hereto as **Exhibit A**. Additionally, pursuant to 28 U.S.C. §

---

[5] *See* Exhibit A, at p. 5.
[6] *See* Exhibit A, at p. 5.
[7] See Exhibit A, at p.5.
[8] *See* Exhibit A, at pp.13-19.
[9] *See* Exhibit A, at p. 13.
[10] It should be noted Plaintiff's Complaint also requests statutory damages, consequential damages, and punitive damages which further build upon the actual damages asserted and illustrate an amount in controversy in excess of $75,000.00.

1446(d), promptly after filing this Notice of Removal, BANA is providing Plaintiff, through counsel, with written notice of removal. A copy of this Notice of Removal is being filed with the Clerk of the Court of Common Pleas of Georgetown County, South Carolina. All named defendants consented to the removal of this action in accordance with 28 U.S.C. § 1446(b)(2)(A).[11]

## VII.   CONCLUSION

The Court may exercise diversity jurisdiction over this action as the Parties are completely diverse and the amount in controversy exceeds $75,000.00.

Dated: November 16, 2022

Respectfully submitted,

/s/ Jasmine K. Gardner
Jasmine K. Gardner (S.C. Fed. Bar #12531)
McGUIREWOODS, LLP
201 N. Tryon Street, Suite 3000
Charlotte, NC 28202
Telephone:  (704) 343-2262
Facsimile: (704) 373-8825
jgardner@mcguirewoods.com

*Attorney for Defendant Bank of America, N.A.*

---

[11] Defendants Westcliff and Coin Cloud provided written consent to the removal as required which is attached hereto as **Exhibit B**.

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 16, 2022, a true and correct copy of the foregoing was served via the Court's ECF filing system, as follows:

Dave Maxfield, Esq.
David Maxfield, Attorney, LLC
PO Box 11865
Columbia, SC 29211
dave@consumerlawsc.com
*Attorney for Plaintiff*

/s/ Jasmine K. Gardner_____
Jasmine K. Gardner