**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| **CHRISTINE BORDEN,** )<br> )<br>     **Plaintiff,** )<br> )<br>v. )<br> )<br>**BANK OF AMERICA, NA ("BANA")** )<br>**AND WESTCLIFF TECHNOLOGIES,** )<br>**INC., D/B/A NATIONAL BITCOIN ATM,** )<br>**AND CASH CLOUD, INC., D/B/A COIN** )<br>**CLOUD,** )<br> )<br>     **Defendants.** )<br> ) | **CASE NO.: 2:22-cv-04076-BHH** |

**DEFENDANT BANK OF AMERICA, N.A.'S
MEMORANDUM AND POINTS OF AUTHORITIES
IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

### I.   INTRODUCTION

This lawsuit is a misguided attempt by Plaintiff to blame Bank of America, N.A. ("BANA") for failing to prevent Plaintiff from withdrawing money from her own account and falling victim to a scam. BANA did nothing wrong here, and cannot be held legally responsible for the losses caused by bad actors and Plaintiff's poor judgment.

Plaintiff Christine Borden ("Plaintiff") filed her Complaint ("Complaint") on October 11, 2022 in the Court of Common Pleas for the Fifteenth Judicial Circuit, Georgetown County, South Carolina. Defendant Bank of America, N.A. ("BANA") removed the matter to the Unites States District Court for the District of South Carolina on November 16, 2022 with the consent of Defendants Westcliff Technologies Inc. d/b/a National Bitcoin ATM ("Westcliff") and Cash Cloud, Inc., d/b/a Coin Cloud ("Cash Cloud").

The Complaint purports to assert three causes of action against BANA for violation of S.C. Code § 43-35-87(H), violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), and various forms of negligence. Plaintiff's claims against BANA should be dismissed for failure to state a claim upon which relief can be granted.

Specifically, Plaintiff's claims against BANA fail for the following reasons:

First, Plaintiff's claims pursuant to S.C. Code § 43-35-87(H) fails because the statute asserted does not create a private cause of action.

Second, Plaintiff's SCUTPA claim fails because Plaintiff alleges no unfair or deceptive conduct by BANA, and the alleged harm does not affect the public interest.

Third, Plaintiff's third cause of action for "Negligence Per Se/Negligent Supervision and Training, Banking Negligence" fails to establish that BANA had a duty of care. Further, Plaintiff's negligence claims must be dismissed due to the economic loss rule.

In sum, Plaintiff's Complaint fails to allege any valid cause of action against BANA and is not subject to any amendment that could state a valid cause of action against BANA. Accordingly, the Court should grant BANA's motion to dismiss these claims with prejudice.

**II.     FACTS**

Plaintiff alleges that in February of 2022, scammers initially posed as Microsoft customer support representatives in order to gain access to Plaintiff's computer and phone. (ECF 1-1, p. 9, ¶29). The scammers subsequently contacted Plaintiff advising that her BANA accounts were jeopardized by an internal BANA fraud ring and she needed to withdraw all of her money. (ECF 1-1, p. 9, ¶30). On February 16, 2022, Plaintiff entered BANA's Georgetown financial center and asked to withdraw $31,000.00. (ECF 1-1, p. 10, ¶35). Due to not having sufficient cash on hand, BANA advised Plaintiff she would need to visit the Myrtle Breach financial center to complete the transaction. (ECF 1-1, p. 10, ¶38). Plaintiff visited the Myrtle Beach financial center the same

day and withdrew $31,000.00 from her BANA account. *Id*. Plaintiff subsequently deposited the funds into bitcoin ATMs owned by Defendants Westcliff and Cash Cloud. (ECF 1-1, p. 11, ¶¶48-50).

At some point thereafter, the scammers became aware of additional funds in Plaintiff's retirement account. (ECF 1-1, p. 10, ¶39). The scammers convinced Plaintiff to transfer $70,899.00 into her BANA account and she did so on February 22, 2022. (ECF 1-1, p. 10, ¶¶39-40). On or about February 22, 2022, Plaintiff returned to a financial center and withdrew $40,000.00 from her BANA account. (ECF 1-1, p. 11, ¶41). Plaintiff deposited the funds into bitcoin ATMs owned by Defendants Westcliff and Cash Cloud. (ECF 1-1, p. 11, ¶¶48-50).

As a result of the foregoing, Plaintiff brings claims against BANA for violation of S.C. Code § 43-35-87(H), violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), and various forms of negligence. (ECF 1-1, pp. 13-17, ¶¶68-89).

## III.  STANDARD OF REVIEW

### A.  Rule 12 Standard

A complaint cannot survive a motion to dismiss under Rule 12(b)(6) of the Federal rules of Civil Procedure "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 669 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 549 (2007)). Consequently, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* (quoting *Twombly*, 550 U.S. at 556). Although a court must take as true all of the factual allegations, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* 1949-50 (quoting *Twombly*, 550 U.S. at 555); *see also Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir.2013) (quoted cases omitted).

3

IV.  **ARGUMENT**

  A.  **PLAINTIFF'S CLAIM PURSUANT TO S.C. CODE § 43-35-87(H) MUST BE DISMISSED, WITH PREJUDICE.**

   i.  **S.C. Code § 43-35-87(H) Does Not Create a Private Cause of Action Against Financial Institutions**

The plain language of the statute cited by Plaintiff does not provide a private cause of action by vulnerable adults against financial institutions. As such, Plaintiff's cause of action against BANA for participating or materially aiding in the financial exploitation of a vulnerable adult pursuant to S.C. Code § 43-35-87(H) must be dismissed.

The South Carolina legislature enacted the South Carolina Omnibus Adult Protection Act, S.C. Code § 43-35, to further protect against abuse, neglect, and exploitation of vulnerable adults. The Act was amended on May 18, 2021 to add section § 43-35-87 "so as to authorize financial institutions to decline certain transaction requests in cases of the suspected financial exploitation of vulnerable adults." SC LEGIS. 84 (2021), 2021 South Carolina Laws Act 84 (S.425); See also 12 S.C. Jur. Governor § 49.1. The South Carolina legislature did not intend to create a private cause of action against financial institutions under S.C. Code § 43-35-87(H). It appears that since its enactment, there has not been a single action brought under S.C. Code § 43-35-87(H).

S.C. § 43-35-87(H) states in relevant part:

> Nothing in this section is intended to nor does it limit or shield in any manner a financial institution from civil liability against any claim, including reasonable attorneys' fees, costs, and litigation expenses, for participating in or materially aiding the financial exploitation of a vulnerable adult.

The language of this section merely notes that a financial institution is not immune from civil liability for participating in or materially aiding the financial exploitation of a vulnerable adult. At no point within the Act or specifically S.C. § 43-35-87(H) does it state a vulnerable adult is permitted to bring an action under the Act against as financial institution. A plain reading of S.C.

4

§ 43-35-87(H) notes that "[a]ny such claims" may be asserted by a vulnerable adult in circuit court, but again does not state a claim may be brought under the Act.

The South Carolina Omnibus Adult Protection Act provides for civil immunity for financial institutions which aid in protecting vulnerable adults by declining transactions, placing a hold on accounts, as well as other actions to prevent financial exploitation. S.C. Code § 43-35-87(B-G). Thus, the legislature's purpose in including S.C. Code § 43-35-87(H) was to clarify that the civil immunity provided to financial institutions is not unlimited in nature. This is further supported by the fact that a preliminary search on the section reveals no state actions regarding S.C. Code § 43-35-87(H).

As a plain reading of the South Carolina Omnibus Adult Protection Act does not provide a private statutory cause of action to vulnerable adults, Plaintiff's purported statutory claim against BANA under S.C. Code § 43-35-87(H) for participating in or materially aiding in financial exploitation of a vulnerable adult must be dismissed.

> ii.     **Plaintiff is Not a Vulnerable Adult as Defined by S.C. Code § 43-35.**

Even if S.C. Code § 43-35-87(H) did provide a private statutory cause of action against financial institutions (which it does not), Plaintiff does not meet the criteria of a vulnerable adult under S.C. Code § 43-35-10.

The South Carolina Omnibus Adult Protection Act defines a vulnerable adult as "a person eighteen years of age or older who has a physical or mental condition which substantially impairs the person from adequately providing for his or her own care or protection." S.C. Code § 43-35-10(11). A vulnerable adult includes those who are substantially impaired to the point they are unable to care for themselves. *See S.C. Dep't of Soc. Servs. v. Patten*, 412 S.C. 93, 770 S.E.2d 192, 195 (Ct. App. 2015); *See also Doe v. S.C. Dep't of Soc. Servs.*, 407 S.C. 623, 757 S.E.2d 712

5

(2014) (for purposes of a civil suit a "mere listing of physical ailments, which many people suffer, was not sufficient to establish that plaintiff was unable to protect herself from abuse, neglect, or exploitation." (citing *Farr v. Searles*, 2006 VT 110, 180 Vt. 642, 910 A.2d 929, 930 (2006))).

The Complaint highlights Plaintiff's age (73) as well as her monthly income, but at no point discusses or otherwise mentions how Plaintiff is so impaired that she is unable to adequately provide for her own care or protection. Instead, Plaintiff notes that she lives alone using her monthly $1,250.00 social security check to support herself. Plaintiff's only support for her contention that she is a vulnerable adult is a Bank of America guide which is intended to be a resource regarding elder financial exploitation and not evidence of who is a vulnerable adult under the South Carolina Omnibus Adult Protection Act. Plaintiff's conclusory allegation that she is a vulnerable adult pursuant to S.C. Code § 43-35-10(11) is not sufficient to establish the applicability of the South Carolina Omnibus Adult Protection Act to her.

As Plaintiff is not a vulnerable adult under the South Carolina Omnibus Adult Protection Act, Plaintiff's claims under S.C. Code § 43-35-87(H) fail. Therefore, this court must dismiss Plaintiff's claims as against BANA.

### B.     PLAINTIFF'S UNFAIR TRADE PRACTICES ACT CLAIM FAILS AND MUST BE DISMISSED, WITH PREJUDICE.

In her second cause of action, Plaintiff alleges that BANA violated the South Carolina Unfair Trade Practices Act. (ECF. 1-1, pp. 14-15, ¶¶ 76-80). However, Plaintiff fails to assert that BANA committed and unfair act or practice, or that BANA's actions adversely affected the public interest. Thus, Plaintiff's claim against BANA for violation of SCUPTA must be dismissed.

Under SCUTPA, unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are deemed unlawful. S.C. Code Ann. § 39-5-20 (1985, Supp. 2001). "To recover in an action under the Act, the plaintiff must show: (1) the defendant

engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected public interest; and (3) the plaintiff suffered monetary or property loss as a result of the defendant's unfair or deceptive act(s)." *Turner v. Kellett*, 426 S.C. 42, 824 S.E.2d 466, 469 (S.C. Ct. App. 2019). A trade practice is unfair when it is "offensive to public policy or when it is immoral, unethical, or oppressive." *Beattie v. Nations Credit Fin. Servs. Corp.*, 69 F. App'x 585, 588 (4th Cir. 2003). A trade practice is deceptive when "when it has a tendency to deceive." *Johnson v. Collins Ent. Co.*, 349 S.C. 613, 636, 564 S.E.2d 653, 665 (2002).

In order to bring a private cause of action under SCUTPA plaintiff must allege and prove that the defendant's actions adversely affected the public interest. *Noack Enterprises, Inc. v. Country Corner Interiors, Inc.*, 290 S.C. 475, 478-479, 351 S.E.2d 347, 349-350 (S.C. Ct. App. 1986) (citing *Zeeman v. Black*, 156 Ga. App. 82, 85, 273 S.E.2d 910, 915 (Ga. Ct. App. 1980)). Conduct that only affects the parties to the transaction provides no basis for a SCUTPA claim. *Robertson v. First Union Nat'l Bank*, 350 S.C. 339, 350. 565 S.E.2d 309, 315 (S.C. 2002) (citing *Jefferies v. Phillips*, 316 S.C. 523, 527, 451 S.E.2d 21, 23 (S.C. Ct. App. 1994)).

In order for a plaintiff to prove that a public interest is adversely affected it may show that "the acts or practices have the potential for repetition." *Singleton v. Stokes Motors, Inc.*, 358 S.C. 369, 595 S.E.2d 461, 466 (S.C. 2004). This can be established "(1) by showing the same kind of actions occurred in the past, thus making it likely they will continue to occur absent deterrence, or (2) by showing the company's procedures create a potential for repetition of the unfair and deceptive acts." *Daisy Outdoor Advert. Co. v. Abbott*, 322 S.C. 489, 473 S.E.2d 47, 51 (1996).

A conclusory statement that actions are capable of repetition is not sufficient to prove a public interest is adversely affected. *See Ameristone Tile, LLC v. Ceramic Consulting Corp.*, 966 F. Supp. 2d 604, 621 (D.S.C. 2013)(citing *Ethox Chem., LLC v. CocaCola Co.,* No. 6:12–cv–

7

01682–TMC, 2013 WL 41001, at *3 (D.S.C. Jan. 3, 2013)); *See also In re Ahern Rentals, Inc., Trade Secret Litig.*, Case No. 20-02945-MD-C-BP, 2021 WL 5756421, at *5 (W.D. Mo. Aug. 27, 2021). Further, the fact that a party is still engaged in the same business is not sufficient to establish that a party is capable of repetition. *Jefferies v. Phillips*, 451 S.E.2d 21, 24 (S.C. Ct. App. 1994).

Here, Plaintiff's Complaint fails to allege and support each and every element required under SCUPTA. First, Plaintiff has alleged no unfair or deceptive act by BANA. Instead, Plaintiff essentially accuses BANA of actionable misconduct for its inaction by failing to prevent her from making withdrawals from her own account. Plaintiff's allegations do not describe how this inaction by BANA was unfair or deceptive. Indeed, if BANA were to prevent a customer from withdrawing money from their own account, BANA would certainly expect to be sued over that decision. While it is certainly unfortunate that Plaintiff fell victim to a scam, Plaintiff has not and cannot allege that BANA took any action that could be characterized as offensive to public policy or immoral, unethical or oppressive under the circumstances. Plaintiff does not allege, for example, that BANA employees induced Plaintiff into withdrawing additional funds or otherwise contributed to the scam. Nor does she allege that she contacted BANA to discuss whether her accounts were compromised or otherwise indicate that she received communication from BANA advising her to make the withdrawals. Instead, Plaintiff's Complaint notes that she simply requested to withdraw her own money, which she is entitled to do pursuant to her contractual relationship with BANA. Plaintiff's allegations against BANA fail to rise to the level of unfair or deceptive acts required under SCUPTA.

Second, Plaintiff's Complaint fails to establish that BANA's actions adversely affected the public interest. Plaintiff's Complaint fails to assert that the general public has been subject to the same kinds of acts by BANA previously or that BANA's policies and procedures will create

8

potential for repetition. Plaintiff only alleges, in conclusory fashion, that "[t]he actions of the Defendants have a real and substantial potential for repetition and affect the public interest, and were in fact repeated multiple times by both Defendants." (See ECF 1-1, p. 15, ¶79). Conclusory allegations reciting only the statutory language are insufficient to allege an adverse effect on the public interest. *See Gault v. Thacher*, 367 F. Supp. 3d 469, 485–86 (D.S.C. 2018) (dismissing a similar conclusory SCUTPA claim).

The transactions at issue here only affected Plaintiff and BANA, not the general public, and Plaintiff cannot use SCUTPA to address a purely private wrong. *See Woodson v. DLI Properties, LLC*, 406 S.C. 517, 530, 753 S.E.2d 428, 435 (2014) ("the SCUTPA is not available to redress a private wrong because an unfair or deceptive act that affects only the parties to the transaction is beyond the scope of the SCUTPA") (citing *Noack Enters., Inc. v. Country Corner Interiors of Hilton Head Island, Inc.,* 290 S.C. 475, 478–480, 351 S.E.2d 347, 349–351 (S.C. Ct.App. 1986)).

Therefore, Plaintiff has failed to state a cause of action against BANA for violation of SCUPTA, and Plaintiff's SCUPTA claim should be dismissed.

### C. PLAINTIFF'S FAILS TO ASSERT A COLORABLE CAUSE OF ACTION FOR NEGLIGENCE AGAINST BANA.

Plaintiff's third cause of action is titled "Negligence Per Se / Negligent Supervision and Training, Banking Negligence." (See ECF 1-1, p. 15). Plaintiff does not set forth the material elements for negligence per se or negligent supervision and training, and it does not appear that negligent banking is a recognized cause of action. Plaintiff's third cause of action must be dismissed as Plaintiff is incapable of adequately alleging the required elements of the various forms of negligence.

9

      **i.**      **Plaintiff Complaint Must be Dismissed as No Statutory Cause of Action was Breached nor is Plaintiff a Party Intended to be Protected by Statute.**

Plaintiff's Complaint appears to assert that BANA breached the standard of the South Carolina Omnibus Adult Protection Act which constitutes negligence per se. (See ECF 1-1, p. 15, ¶¶85-86). This unsupported, conclusory statement fails to set forth the requirements of a cause of action for negligence per se in South Carolina.

As a threshold matter, a statute must create a private cause of action in order for a party to bring forth an action of negligence per se. *Doe v. Marion*, 373 S.C. 390, 645 S.E.2d 245 (2007). "In determining whether a statute creates a private cause of action, the main factor is legislative intent . . . ." *Id*. at 398. In order to identify legislative intent the court must look first to the language of the statute. *Companion Prop. & Cas. Ins. Co. v. U.S. Bank Nat'l Ass'n*, Case No. 3:15-CV-01300-JMC, 2016 WL 3027552, at *8 (D.S.C. May 27, 2016)(citing *Doe v. Marion*, 373 S.C. 390, 645 S.E.2d 245 (2007)). Once a private cause of action is established, a party may bring forth a claim of negligence per se if "(1) the essential purpose of the statute is to protect from the kind of harm the plaintiff has suffered; and (2) the plaintiff is a member of the class of persons the statute is intended to protect." *J.R. v. Walgreens Boots All., Inc.*, 470 F. Supp. 3d 534, 553 (D.S.C. 2020), *aff'd*, Case No. 20-1767, 2021 WL 4859603 (4th Cir. Oct. 19, 2021) (citing *Whitlaw v. Kroger Co.*, 306 S.C. 51, 410 S.E.2d 251 (1991)).

As previously discussed, the legislature did not create or intend to create a private cause of action for vulnerable adults against financial institutions pursuant to S.C. Code § 43-35-87(H) of the South Carolina Omnibus Adult Protection Act. The language of the Act merely permits a vulnerable adult to file a separate civil action in circuit court. (*See* S.C. Code § 43-35-87(H) which states "[a]ny such claims shall be asserted by the vulnerable adult . . . by filing a civil action in circuit court). The language of the named section does not specifically create a private cause of

10

action. Instead, the Act makes clear that civil immunity to financial institutions is not unbridled by virtue of S.C. Code § 43-35-87(H).

Even if the South Carolina Omnibus Adult Protection Act did create a private cause of action, Plaintiff is not a member of the class of persons the Act is intended to protect. The South Carolina Omnibus Adult Protection Act is intended to protect vulnerable persons. Under S.C. Code § 43-35-10(11) a vulnerable person is "a person eighteen years of age or older who has a physical or mental condition which substantially impairs the person from adequately providing for his or her own care or protection." Plaintiff's Complaint fails to allege why Plaintiff is not capable of caring for herself or protecting her own interests.

As such, Plaintiff's third cause of action for negligence per se must be dismissed.

     **ii. Plaintiff's Complaint Must be Dismissed as Plaintiff Fails to Plead or Show that BANA Intentionally Harmed Plaintiff or Owed Plaintiff a Duty of Care.**

Despite the title of Plaintiff's third cause of action, the Complaint fails to identify any of the required elements of negligent supervision and training. The Complaint appears to allege that BANA failed to employ certain measures in allowing Plaintiff to make withdrawals from her own account, and as a result BANA acted negligently. Plaintiff's allegations fail to establish that any BANA employee intentionally harmed Plaintiff, or that BANA owed Plaintiff a duty of care.

South Carolina recognizes a cause of action for negligent supervision and training when an employee intentionally harms another or when the employer has a legal duty of care arising out of contract flowing to a Plaintiff not in privity. *Degenhart v. Knights of Columbus*, 309 S.C. 114, 420 S.E.2d 495 (1992); *See also J.R. v. Walgreens Boots All., Inc.*, Case No. 20-1767, 2021 WL 4859603, at *7 (4th Cir. Oct. 19, 2021) (the court dismissed plaintiff's action as there was no allegation of intentional conduct). As to intentional harm, an employer "may be liable for negligent supervision if the employee intentionally harms another when the employee: (1) is

upon the premises of the employer, or is using a chattel of the employer, (2) the employer knows or has reason to know that he has the ability to control his employee, and (3) the employer knows or should know of the necessity and opportunity for exercising such control. *Moore by Moore v. Berkeley Cnty. Sch. Dist.*, 326 S.C. 584, 590, 486 S.E.2d 9, 12 (Ct. App. 1997) (citing *Degenhart*, 309 S.C. 114, 420 S.E.2d 495 (1992)).

It is well established that financial institutions owe no duty of care to customers or non-customers. *Eisenberg v. Wachovia Bank, N.A.*, 301 F.3d 220 (4th Cir. 2002); See also *Midland Mortg. Corp. v. Wells Fargo Bank, N.A.*, 926 F. Supp. 2d 780, 792 (D.S.C. 2013), *aff'd sub nom.*, 545 F. App'x 194 (4th Cir. 2013) (citing *Pulliam v. Clark*, No. 4:11-cv-03047-RBH, 2012 WL 1835717, at *4 (D.S.C. May 21, 2012) ("In the banking context, South Carolina courts recognize that banks owe "no special duty of care" to ordinary customers, and an individual is not ordinarily entitled to rely on a bank for financial guidance, information regarding potential liabilities flowing from contractual agreements, or for information on the financial condition of others.")).

Plaintiff fails to allege that any BANA employee intentionally harmed Plaintiff by allowing her to make withdrawals from her own account. Plaintiff did not make any BANA employee aware of the scam, and the Complaint fails to allege that a BANA employee was aware of the scam at the time of the transactions. Instead, Plaintiff insinuates BANA employees should be aware of the potential for exploitation and therefore must act. This conclusory allegation is insufficient to prove that BANA or any employee intentionally harmed Plaintiff.

Contrary to Plaintiff's naked assertions, BANA does not owe Plaintiff a legal duty of care as a customer of a financial institution. Despite yet another conclusory allegation that BANA owes a duty of care, the South Carolina courts recognize no such duty of care exists between a bank and an ordinary customer. *Eisenberg v. Wachovia Bank, N.A.,* 301 F.3d 220 (4th Cir. 2002); See also

*Midland Mortg. Corp. v. Wells Fargo Bank, N.A.*, 926 F. Supp. 2d 780, 792 (D.S.C. 2013), *aff'd sub nom.*, 545 F. App'x 194 (4th Cir. 2013).

It should be noted that Plaintiff's Complaint also sets forth a cause of action for banking negligence. (See ECF 1-1 p. 15). There does not appear to be a cause of action for *banking negligence* under South Carolina law or in equity. Should this cause of action be considered a standard negligence claim, Plaintiff's cause of action fails as BANA owes not duty of care to Plaintiff as an ordinary customer as discussed above.

Therefore, Plaintiff's third cause of action for negligence per se, negligent supervision and training, and banking negligence must be dismissed.

        **iii.**    **The Economic Loss Rule Precludes Plaintiff's Negligence Claims.**

The economic loss rule "bars a negligence action 'where duties are created *solely* by contract.'" *Eaton Corp. v. Trane Carolina Plains*, 350 F. Supp. 2d 699, 701 (D.S.C. 2004) (citing *Kennedy v. Columbia Lumber and Mfg. Co., Inc.,* 299 S.C. 335, 384 S.E.2d 730, 737 (1989)). The economic loss rule has since been clarified applying only to those matters where the relationship of the parties arises out of the contract. *Bennett v. Ford Motor Co.*, 236 F. Supp. 2d 558, 561 (D.S.C. 2002) (citing *Tommy L. Griffin Plumbing & Heating v. Jordan, Jones & Goulding, Inc.,* 320 S.C. 49, 463 S.E.2d 85 (1995)); see also *2000 Watermark Ass'n, Inc. v. Celotex Corp.*, 784 F.2d 1183, 1185 (4th Cir. 1986).

The terms of Plaintiff's relationship with BANA were purely contractual. Plaintiff's Complaint notes that she is a customer of BANA with a long history of withdrawals, transfers, or deposits for a checking and savings accounts. (See ECF 1-1, pp. 9-10, ¶¶31-33). Every personal checking and savings account is subject to a contractual agreement titled Deposit Agreement and Disclosures which defines the relationship between the parties and their duties. As is the case here,

13

Plaintiff's relationship with BANA is governed entirely by the relevant Deposit Agreement and Disclosures agreed to.[1] Plaintiff has not alleged the existence of a special relationship with BANA or otherwise provided support that any other relationship existed and as such BANA owes no tort duty to Plaintiff. Accordingly, Plaintiff's claims sounding in negligence should be dismissed with prejudice.

## V.     CONCLUSION

WHEREFORE, for the foregoing reasons, Bank of America, N.A. respectfully requests that this Court grant the Motion and dismiss Plaintiff's claims against BANA with prejudice, and grant such other and further relief as the Court deems just and proper.

This the 23rd day of November, 2022

Respectfully submitted,

/s/ Jasmine K. Gardner
Jasmine K. Gardner (S.C. Fed. Bar #12531)
McGUIREWOODS, LLP
201 N. Tryon Street, Suite 3000
Charlotte, NC 28202
Telephone:  (704) 343-2262
Facsimile: (704) 373-8825
jgardner@mcguirewoods.com

*Attorney for Defendant Bank of America, N.A.*

---

[1] The Deposit Agreement and Disclosures are attached as Exhibit A. While generally extrinsic evidence is not considered when evaluating the sufficiency of a complaint, this Court may consider documents so long as they are integral to the complaint and are authentic. *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014).

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2022, I electronically filed the foregoing ***Motion to Dismiss Plaintiff's Complaint and Memorandum in Support of Motion to Dismiss*** with the Court's CM/ECF system which served an electronic copy on all counsel of record.

Dave Maxfield, Esq.
David Maxfield, Attorney, LLC
PO Box 11865
Columbia, SC 29211
dave@consumerlawsc.com

*Attorney for Plaintiff*

/s/ Jasmine K. Gardner
Jasmine K. Gardner (S.C. Fed. Bar #12531)