IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| CHRISTINE BORDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BANK OF AMERICA, NA ("BANA") AND WESTCLIFF TECHNOLOGIES, INC., D/B/A NATIONAL BITCOIN ATM, AND CASH CLOUD, INC., D/B/A COIN CLOUD, | ) CASE NO.: 2:22-cv-04076-BHH ) ) ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANT BANK OF AMERICA, N.A.'S
MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF ITS MOTION
TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**I.    INTRODUCTION**

The Amended Complaint is another misguided attempt by Plaintiff Christine Borden ("Plaintiff") to blame Bank of America, N.A. ("BANA") for failing to prevent her from withdrawing money from her own account and falling victim to a scam. BANA did nothing wrong here, and cannot be held legally responsible for the losses caused by bad actors and Plaintiff's poor judgment.

The Amended Complaint asserts two causes of action against BANA for violation of S.C. Code § 43-35-87(H) and for various forms of negligence. The Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted.

First, Plaintiff's claims pursuant to S.C. Code § 43-35-87(H) fail because the referenced statute does not provide for a private right of action against financial institutions, and Plaintiff fails to establish that she is a "vulnerable adult" covered by the statute.

Second, Plaintiff's cause of action for "Negligence Per Se/Negligent Supervision and Training, Banking Negligence" fails to establish that BANA had a duty of care to Plaintiff. Further, Plaintiff's negligence claims must be dismissed due to the economic loss rule.

In sum, Plaintiff's Amended Complaint fails to allege any valid cause of action against BANA, and Plaintiff would not be able to do so through further amendments. Accordingly, the Court should grant BANA's motion to dismiss these claims with prejudice.

## II.  PROCEDURAL HISTORY

Plaintiff filed her Complaint ("Complaint") on October 11, 2022 in the Court of Common Pleas for the Fifteenth Judicial Circuit, Georgetown County, South Carolina. BANA removed the matter to the Unites States District Court for the District of South Carolina on November 16, 2022 with the consent of Defendants Westcliff Technologies Inc. d/b/a National Bitcoin ATM ("Westcliff") and Cash Cloud, Inc., d/b/a Coin Cloud ("Cash Cloud"). On November 23, 2022, BANA filed a motion to dismiss Plaintiff's Complaint. (See ECF 4). Following the submission, counsel for Plaintiff and counsel for BANA agreed to extend Plaintiff's time to respond to the motion to dismiss as well as extend the time to amend the Complaint to December 23, 2022.

On December 19, 2022, Plaintiff amended her complaint (the "Amended Complaint") (See ECF 8). With respect to BANA, the Amended Complaint's allegations largely mirror that of the Complaint, except Plaintiff dropped her claim against BANA under South Carolina's Unfair Trade

Practices Act, and adds that she lost an additional $30,000 from her BANA account as a result of the scam.[1]

### III.    FACTS

Plaintiff alleges that in February of 2022, scammers initially posed as Microsoft customer support representatives in order to gain access to Plaintiff's computer and phone. (ECF 8, p. 5, ¶29). The scammers subsequently contacted Plaintiff advising that her BANA accounts were jeopardized by an internal BANA fraud ring and she needed to withdraw all of her money. (ECF 8, p. 5, ¶30). On February 16, 2022, Plaintiff entered BANA's Georgetown financial center and asked to withdraw $31,000.00. (ECF 8, p. 6, ¶35). Due to not having sufficient cash on hand, BANA advised Plaintiff she would need to visit the Myrtle Beach financial center to complete the transaction. (ECF 8, p. 6, ¶38). Plaintiff visited the Myrtle Beach financial center the same day and withdrew $31,000.00 from her BANA account. *Id*. Plaintiff subsequently deposited the funds into bitcoin ATMs owned by Defendants Westcliff and Cash Cloud. (ECF 8, p. 7, ¶¶48-50).

At some point thereafter, the scammers became aware of additional funds in Plaintiff's retirement account. (ECF 8, p. 6, ¶39). The scammers convinced Plaintiff to transfer $70,899.00 into her BANA account on February 22, 2022. (ECF 8, pp. 6-7, ¶¶39-40). On or about February 22, 2022, Plaintiff returned to a financial center and withdrew $40,000.00 from her BANA account. (ECF 8, p. 7, ¶41). Plaintiff deposited the funds into bitcoin ATMs owned by Defendants Westcliff and Cash Cloud. (ECF 8, p. 7, ¶¶48-50). On or about February 25, 2022, Plaintiff

---

[1] It is well established that a timely filed amended pleading supersedes the original pleading and all motions directed at the superseded pleading is to be denied as moot. *Young v. City of Mount Ranier*, 238 F.3d 567 (4th Cir. 2001); See also *Grubbs v. Wal-Mart Stores, Inc.*, No. 1:19-CV-02229-JMC, 2020 WL 2769032 (D.S.C. May 28, 2020). In anticipation of this Court finding BANA's initial motion to dismiss moot, BANA submits this Motion in response to Plaintiff's Amended Complaint.

returned to a financial center and withdrew $30,000.00 from her BANA Account. (ECF 8, p. 7, ¶42).

As a result of the foregoing, Plaintiff brings claims against BANA for violation of S.C. Code § 43-35-87(H) and various forms of negligence. (ECF 8, pp. 9-13, ¶¶69-90).

### IV. STANDARD OF REVIEW

#### A. Rule 12 Standard

A complaint cannot survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 669 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 549 (2007)). Consequently, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* (quoting *Twombly*, 550 U.S. at 556). Although a court must take as true all of the factual allegations, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* 1949-50 (quoting *Twombly*, 550 U.S. at 555); *see also Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir.2013) (quoted cases omitted).

### V. ARGUMENT

#### A. S.C. CODE § 43-35-87(H) DOES NOT PROVIDE A PRIVATE RIGHT OF ACTION AND IS INAPPLICABLE TO PLAINTIFF.

##### i. S.C. Code § 43-35-87(H) Does Not Provide For a Private Right of Action Against Financial Institutions.

The plain language of the statute cited by Plaintiff does not provide a private right of action by vulnerable adults against financial institutions. As such, Plaintiff's cause of action against BANA for participating or materially aiding in the financial exploitation of a vulnerable adult pursuant to S.C. Code § 43-35-87(H) must be dismissed.

4

The South Carolina legislature enacted the South Carolina Omnibus Adult Protection Act (the "Act"), S.C. Code § 43-35-5 *et. seq.*, to further protect against abuse, neglect, and exploitation of vulnerable adults. The Act was amended on May 18, 2021 to add section § 43-35-87 "so as to authorize financial institutions to decline certain transaction requests in cases of the suspected financial exploitation of vulnerable adults." SC LEGIS. 84 (2021), 2021 South Carolina Laws Act 84 (S.425); See also 12 S.C. Jur. Governor § 49.1. The South Carolina legislature did not intend to create a private cause of action against financial institutions under S.C. Code § 43-35-87(H), and BANA is aware of no case law recognizing any claim against a financial institution under this statute.

S.C. § 43-35-87(H) states in relevant part:

> Nothing in this section is intended to nor does it limit or shield in any manner a financial institution from civil liability against any claim, including reasonable attorneys' fees, costs, and litigation expenses, for participating in or materially aiding the financial exploitation of a vulnerable adult.

The language of this section merely notes that a financial institution is not immune from civil liability for participating in or materially aiding the financial exploitation of a vulnerable adult. At no point within the Act or specifically S.C. § 43-35-87(H) does it state a vulnerable adult is permitted to bring an action under the Act against a financial institution. A plain reading of S.C. § 43-35-87(H) notes that "[a]ny such claims" may be asserted by a vulnerable adult in circuit court, but again does not state a claim may be brought under the Act.

The South Carolina Omnibus Adult Protection Act provides for civil immunity for financial institutions which aid in protecting vulnerable adults by declining transactions, placing a hold on accounts, or taking other actions to prevent financial exploitation. S.C. Code § 43-35-87(B-G). Thus, the legislature's purpose in including S.C. Code § 43-35-87(H) was to clarify that the civil immunity provided to financial institutions is not unlimited in nature. S.C. Code § 43-

5

35-87(H) does not *require* that financial institutions decline transactions where there might be suspicions of financial exploitation of a vulnerable adult, or impose liability on financial institutions for failing to suspect such exploitation. Neither does it create a private right of action against financial institutions for failing to prevent such transactions authorized by a customer.

Because Plaintiff has no private right of action under S.C. Code 43-35-87(H), Plaintiff's purported statutory claim against BANA for participating in or materially aiding in financial exploitation of a vulnerable adult must be dismissed.

### ii. Plaintiff is Not a Vulnerable Adult as Defined by S.C. Code § 43-35-10.

Even if S.C. Code § 43-35-87(H) did provide a private statutory cause of action against financial institutions (which it does not), Plaintiff does not meet the definition of a vulnerable adult under S.C. Code § 43-35-10.

The South Carolina Omnibus Adult Protection Act defines a vulnerable adult as "a person eighteen years of age or older who has a physical or mental condition which substantially impairs the person from adequately providing for his or her own care or protection." S.C. Code § 43-35-10(11). A vulnerable adult includes those who are substantially impaired to the point they are unable to care for themselves. *See S.C. Dep't of Soc. Servs. v. Patten*, 412 S.C. 93, 770 S.E.2d 192, 195 (Ct. App. 2015); *See also Doe v. S.C. Dep't of Soc. Servs.*, 407 S.C. 623, 757 S.E.2d 712 (2014) (dismissing the claim on these grounds the Court noted for purposes of a civil suit a "mere listing of physical ailments, which many people suffer, was not sufficient to establish that plaintiff was unable to protect herself from abuse, neglect, or exploitation." (citing *Farr v. Searles*, 2006 VT 110, 180 Vt. 642, 910 A.2d 929, 930 (2006))).

The Amended Complaint highlights Plaintiff's age (73) as well as her monthly income, but at no point discusses or otherwise mentions how Plaintiff is so impaired that she is unable to

6

adequately provide for her own care or protection. Instead, Plaintiff notes that she lives alone using her monthly $1,250.00 social security check to support herself. Indeed, Plaintiff was apparently able to live on her own, drive herself around town, and conduct banking transactions on her own and without assistance. There is no allegation or claim that Plaintiff had been adjudicated incompetent, had a guardian or conservator appointed to manage her affairs, or even had a Power of Attorney that gave anyone else other than her authority to conduct banking transactions on her behalf.

Indeed, Plaintiff's only support for her claim that she is a vulnerable adult is a BANA guide which is intended to be an internal resource for BANA employees regarding elder financial exploitation— not evidence of who is a vulnerable adult under the South Carolina Omnibus Adult Protection Act. Plaintiff's conclusory allegation that she is a vulnerable adult pursuant to S.C. Code § 43-35-10(11) is not sufficient to establish the applicability of the South Carolina Omnibus Adult Protection Act to her.

Since Plaintiff is not a vulnerable adult under the South Carolina Omnibus Adult Protection Act, Plaintiff's claims under S.C. Code § 43-35-87(H) fail.

### B.   PLAINTIFF FAILS TO ASSERT A COLORABLE CAUSE OF ACTION FOR NEGLIGENCE AGAINST BANA.

Plaintiff's third cause of action is titled "Negligence Per Se / Negligent Supervision and Training, Banking Negligence." (See ECF 8, p. 12). Plaintiff's Amended Complaint fails to set forth facts to support the material elements for negligence per se or negligent supervision and training, and it does not appear that negligent banking is a recognized cause of action. Plaintiff's negligence claims must be dismissed as Plaintiff cannot adequately allege the required elements of the various forms of negligence.

    **i.**  **Plaintiff's Amended Complaint Must be Dismissed as Plaintiff Fails to Allege Facts to Support a Cause of Action for Negligence Per Se.**

  Plaintiff's Amended Complaint appears to assert that BANA breached the standard of the South Carolina Omnibus Adult Protection Act which constitutes negligence per se. (See ECF 8, p. 12, ¶¶86-87). This unsupported, conclusory statement fails to set forth the requirements of a cause of action for negligence per se in South Carolina.

  As a threshold matter, a statute must create a private cause of action in order for a party to bring an action of negligence per se under the statute. *Doe v. Marion*, 373 S.C. 390, 645 S.E.2d 245 (2007). "In determining whether a statute creates a private cause of action, the main factor is legislative intent . . . ." *Id*. at 398. In order to identify legislative intent the court must look first to the language of the statute. *Companion Prop. & Cas. Ins. Co. v. U.S. Bank Nat'l Ass'n*, Case No. 3:15-CV-01300-JMC, 2016 WL 3027552, at *8 (D.S.C. May 27, 2016)(citing *Doe v. Marion*, 373 S.C. 390, 645 S.E.2d 245 (2007)). Once a private cause of action is established, a party may bring forth a claim of negligence per se if "(1) the essential purpose of the statute is to protect from the kind of harm the plaintiff has suffered; and (2) the plaintiff is a member of the class of persons the statute is intended to protect." *J.R. v. Walgreens Boots All., Inc.*, 470 F. Supp. 3d 534, 553 (D.S.C. 2020), *aff'd*, Case No. 20-1767, 2021 WL 4859603 (4th Cir. Oct. 19, 2021) (citing *Whitlaw v. Kroger Co.*, 306 S.C. 51, 410 S.E.2d 251 (1991)).

  As previously discussed, the legislature did not create or intend to create a private cause of action for vulnerable adults against financial institutions under S.C. Code § 43-35-87(H) of the South Carolina Omnibus Adult Protection Act. The language of the Act merely permits a vulnerable adult to file a separate civil action in circuit court. (*See* S.C. Code § 43-35-87(H) which states "[a]ny such claims shall be asserted by the vulnerable adult . . . by filing a civil action in circuit court). The language of the named section does not specifically create a private cause of

action. Instead, the Act makes clear that civil immunity to financial institutions is not unbridled by virtue of S.C. Code § 43-35-87(H).

Even if S.C. Code § 43-35-87(H) did create a private cause of action against financial institutions, Plaintiff is not a member of the class of persons the Act is intended to protect. The South Carolina Omnibus Adult Protection Act is intended to protect vulnerable persons. Under S.C. Code § 43-35-10(11) a vulnerable person is "a person eighteen years of age or older who has a physical or mental condition which substantially impairs the person from adequately providing for his or her own care or protection." As noted above, Plaintiff's Complaint fails to allege why Plaintiff is not capable of caring for herself or protecting her own interests, and in fact shows that Plaintiff lives on her own, drives around town, and conducts banking transactions without assistance. As such, Plaintiff's cause of action for negligence per se must be dismissed.

        **ii.    Plaintiff's Amended Complaint Must be Dismissed as Plaintiff Fails to Plead or Show that BANA Intentionally Harmed Plaintiff or Owed Plaintiff a Duty of Care.**

Despite the title of Plaintiff's third cause of action, the Amended Complaint fails to identify any of the required elements of negligent supervision and training. The Amended Complaint appears to allege that BANA failed to employ certain measures by allowing Plaintiff to make withdrawals from her own account, and as a result BANA acted negligently. Plaintiff's allegations fail to establish that any BANA employee intentionally harmed Plaintiff, or that BANA owed Plaintiff a duty of care.

South Carolina recognizes a cause of action for negligent supervision and training when an employee intentionally harms another or when the employer has a legal duty of care arising out of contract flowing to a Plaintiff not in privity. *Degenhart v. Knights of Columbus*, 309 S.C. 114, 420 S.E.2d 495 (1992); *See also J.R. v. Walgreens Boots All., Inc.*, Case No. 20-1767, 2021 WL 4859603, at *7 (4th Cir. Oct. 19, 2021) (the court dismissed plaintiff's action as there was no

allegation of intentional conduct). As to intentional harm, an employer "may be liable for negligent supervision if the employee intentionally harms another when the employee: (1) is upon the premises of the employer, or is using a chattel of the employer, (2) the employer knows or has reason to know that he has the ability to control his employee, and (3) the employer knows or should know of the necessity and opportunity for exercising such control." *Moore by Moore v. Berkeley Cnty. Sch. Dist.*, 326 S.C. 584, 590, 486 S.E.2d 9, 12 (Ct. App. 1997) (citing *Degenhart*, 309 S.C. 114, 420 S.E.2d 495 (1992)).

It is well established that financial institutions owe no duty of care to customers or non-customers. *Eisenberg v. Wachovia Bank, N.A.*, 301 F.3d 220 (4th Cir. 2002); *See also Midland Mortg. Corp. v. Wells Fargo Bank, N.A.*, 926 F. Supp. 2d 780, 792 (D.S.C. 2013), *aff'd sub nom.*, 545 F. App'x 194 (4th Cir. 2013) (citing *Pulliam v. Clark*, No. 4:11-cv-03047-RBH, 2012 WL 1835717, at *4 (D.S.C. May 21, 2012) ("In the banking context, South Carolina courts recognize that banks owe "no special duty of care" to ordinary customers, and an individual is not ordinarily entitled to rely on a bank for financial guidance, information regarding potential liabilities flowing from contractual agreements, or for information on the financial condition of others.")).

Plaintiff fails to allege that any BANA employee intentionally harmed Plaintiff by allowing her to make withdrawals from her own account. Plaintiff does not allege that she made any BANA employee aware of the scam or the true reasons for her withdrawals. Instead, Plaintiff insinuates BANA employees should be aware of the potential for exploitation and therefore must act. This conclusory allegation is insufficient to prove that BANA or any employee intentionally harmed Plaintiff.

It should be noted that Plaintiff's Amended Complaint also sets forth a cause of action for banking negligence. (See ECF 8, p. 12). There does not appear to be a cause of action for *banking*

*negligence* under South Carolina law or in equity. Should this cause of action be considered a standard negligence claim, Plaintiff's cause of action fails as BANA owes no duty of care to Plaintiff as an ordinary customer as discussed above.

Therefore, Plaintiff's third cause of action titled "Negligence Per Se/Negligent Supervision and Training, Banking Negligence" must be dismissed.

### iii. The Economic Loss Rule Precludes Plaintiff's Negligence Claims.

The economic loss rule "bars a negligence action 'where duties are created *solely* by contract.'" *Eaton Corp. v. Trane Carolina Plains*, 350 F. Supp. 2d 699, 701 (D.S.C. 2004) (citing *Kennedy v. Columbia Lumber and Mfg. Co., Inc.,* 299 S.C. 335, 384 S.E.2d 730, 737 (1989)). The economic loss rule has since been clarified applying only to those matters where the relationship of the parties arises out of the contract. *Bennett v. Ford Motor Co.*, 236 F. Supp. 2d 558, 561 (D.S.C. 2002) (citing *Tommy L. Griffin Plumbing & Heating v. Jordan, Jones & Goulding, Inc.,* 320 S.C. 49, 463 S.E.2d 85 (1995)); see also *2000 Watermark Ass'n, Inc. v. Celotex Corp.*, 784 F.2d 1183, 1185 (4th Cir. 1986).

The terms of Plaintiff's relationship with BANA were purely contractual. Plaintiff's Amended Complaint notes that she is a customer of BANA with a long history of withdrawals, transfers, and/or deposits involving a BANA checking and savings account. (See ECF 8, pp. 6, ¶¶31-33). Every personal checking and savings account is subject to a contract, including the Deposit Agreement and Disclosures, which defines the relationship between the parties and their respective duties, rights, and obligations. As is the case here, Plaintiff's relationship with BANA is governed entirely by the relevant Deposit Agreement and Disclosures.[2] Plaintiff has not alleged

---

[2] The Deposit Agreement and Disclosures are attached as Exhibit A. While generally extrinsic evidence is not considered when evaluating the sufficiency of a complaint, this Court may consider documents so long as they are integral to the complaint and are authentic. *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014).

11

the existence of a special relationship with BANA or pleaded any facts allegations to support an allegation, and as such, BANA owes no tort duty to Plaintiff. Accordingly, any duties owed by BANA to Plaintiff are contractual in nature and not tort-based, and Plaintiff's claims sounding in negligence should be dismissed with prejudice.

## VI.  CONCLUSION

WHEREFORE, for the foregoing reasons, Bank of America, N.A. respectfully requests that this Court grant its Motion and dismiss Plaintiff's claims against BANA with prejudice, and grant such other and further relief as the Court deems just and proper.

This the 3rd day of January, 2023                Respectfully submitted,

/s/ Jasmine K. Gardner
Jasmine K. Gardner (S.C. Fed. Bar #12531)
McGUIREWOODS, LLP
201 N. Tryon Street, Suite 3000
Charlotte, NC 28202
Telephone:  (704) 343-2262
Facsimile: (704) 373-8825
jgardner@mcguirewoods.com

*Attorney for Defendant Bank of America, N.A.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on January 3, 2023, I electronically filed the foregoing ***Motion to Dismiss Plaintiff's Amended Complaint and Memorandum in Support of Motion to Dismiss*** with the Court's CM/ECF system which served an electronic copy on all counsel of record.

| | |
|---|---|
| Dave Maxfield, Esq.<br>David Maxifeld, Attorney, LLC<br>PO Box 11865<br>Columbia, SC 29211<br>dave@consumerlawsc.com<br><br>*Attorney for Plaintiff* | Tara E. Nauful<br>999 Lake Hunter Circle, Suite D<br>Mount Pleasant, SC 29464<br>(843) 793-4744<br>tara@bestlawsc.com<br><br>*Attorney for Westcliff Technologies Inc.* |

/s/ Jasmine K. Gardner
Jasmine K. Gardner (S.C. Fed. Bar #12531)

13